IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| KARL LOSEE, Plaintiff, v. SGT. PREECE et al., Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS & REQUIRING CURING OF DEFICIENT AMENDED COMPLAINT** <br><br> Case No. 2:18-CV-195-TC <br><br> District Judge Tena Campbell |
|---|---|

Plaintiff, inmate Karl Losee, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2019).[1] The Court now grants Defendants' Motion to Dismiss, (Doc. No. 23), and orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims.

## AMENDED COMPLAINT'S DEFICIENCIES

Amended Complaint:

(a) does not affirmatively link Defendants to most civil-rights violations.

(b) appears to inappropriately allege civil-rights violations on respondeat-superior theory.

(c) does not state basis for violation regarding failure to provide personal assistant.

(d) appears to inappropriately try to state "takings" claim. *See Losee v. Petermann*, No. 2:13-CV-263-TS (D. Utah Mar. 31, 2016) (dismissing similar claims in Plaintiff's past case).

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2019).

(e) does not state how lack of records violates federal law.

(f) alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2019), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

(g) does not appear to recognize that Defendants' failure to follow their own promises or jail policy (e.g., regarding grievances) does not necessarily equal federal constitutional violation.

(h) inappropriately alleges civil-rights violations on basis of denied grievances.

(i) needs clarification regarding unnecessary-rigor cause of action under Utah Constitution. (See below.)

(j) does not adequately state claim of inadequate medical treatment. (See below.)

(k) shows confusion about how to state claim of failure to protect. (See below.)

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of past complaints. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[2]

(2) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

---

[2] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

- **Unnecessary Rigor**

> Article I, § 9 of the Utah Constitution states in part, "[p]ersons arrested or imprisoned shall not be treated with unnecessary rigor." Although this clause "closely approximates the language of the Eighth Amendment," it has no federal counterpart. *Dexter v. Bosko*, 2008 UT 29, 184 P.3d 592, 595. The Utah Supreme Court has had "few opportunities to interpret or apply the unnecessary rigor." *Id.* Nonetheless, the Utah Supreme Court has held that the unnecessary rigor clause "'protects [prisoners and arrestees] against unnecessary abuse . . . that is 'needlessly harsh, degrading or dehumanizing.'" *Id. at 595* (quoting *Bott v. Deland*, 922 P.2d 732,

> 737 (Utah 1996)). To state a claim for a violation of the unnecessary rigor clause, the violation "'must arise from 'treatment that is clearly excessive or deficient and unjustified, not merely the frustrations, inconveniences, and irritations that are common to prison life.'" *Id*. at 597 (quoting *Bott*, 922 P.2d at 741). When the claim of unnecessary rigor arises from an injury, a constitutional violation is made out only when the act complained of presented a substantial risk of serious injury for which there was no reasonable justification at the time. *Id*. (quoting *Bott*, 922 P.2d at 741). The conduct at issue, moreover, "must be more than negligent to be actionable." *Id.*
>
> In addition to these requirements, a plaintiff must also establish three elements to support an unnecessary rigor claim: (1) "A flagrant violation of his or her constitutional rights;" (2) "Existing remedies do not redress his or her injuries;" and, (3) "Equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries." *Id*. at 597-98 (quoting *Spackman v. Bd. of Educ.*, 2000 UT 87, 16 P.3d 533, 538-39 (Utah 2000)).
>
> . . . [However, Plaintiff's] § 1983 claims likely serve as existing remedies that redress his injuries[, mooting the need to also bring an unnecessary rigor claim]."

*Asay v. Daggett County*, No. 2:18-CV-422, 2019 U.S. Dist. LEXIS 5794, at * (D. Utah Jan. 11, 2019).

### • Inadequate Medical Treatment

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

• **Failure to Protect**

Plaintiff should consider the following information as he considers an amended complaint:

> "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment."

> *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotation marks omitted). These claims include both an objective and a subjective component. *Estate of Booker v. Gomez*, 745 F.3d 429, 430 (10th Cir. 2014) (internal quotation marks omitted) (medical needs); *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (failure to protect).
>
> . . . .
>
> For the objective component of a failure-to-protect claim, the prisoner "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Riddle*, 83 F.3d at 1204 (internal quotation marks omitted). "A prisoner has a right to be reasonably protected from constant threats of violence . . . from other inmates." *Id.* (internal quotation marks omitted).
>
> For the subjective component . . ., the prisoner must present "evidence of the prison official's culpable state of mind. He must show that the prison official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Estate of Booker*, 745 F.3d at 430 (citation and internal quotation marks omitted) (medical needs); *see Riddle*, 83 F.3d at 1204 (failure to protect). "[T]he official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have also drawn the inference." *Requena v. Roberts*, 893 F.3d 1195, 1215 (10th Cir. 2018) (brackets, ellipsis, and internal quotation marks omitted).
>
> In addition to the objective and subjective components of these Eighth Amendment claims, a § 1983 "plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citation omitted).

*Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018) (unpublished)

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Defendants' Motion to Dismiss Amended Complaint is **GRANTED**. (Doc. No. 23.)

(2) Plaintiff must within thirty days cure Amended Complaint's deficiencies noted above by filing a document entitled, "Second Amended Complaint."

(3) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue a second amended complaint.

(4) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(5) Plaintiff *shall not* try to serve Second Amended Complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2019) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

DATED this 13th day of November, 2019.

BY THE COURT:

*/s/ Tena Campbell*
JUDGE TENA CAMPBELL
United States District Court