THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KARL LOSEE,<br><br>         Plaintiff,<br><br>v.<br><br>SGT. PREECE ET AL.,<br><br>         Defendants. | MEMORANDUM DECISION &<br>ORDER GRANTING MOTION TO<br>ALTER OR AMEND JUDGMENT &<br>GRANTING MOTION TO DISMISS<br><br>Case No. 2:18-CV-195 TC<br><br>District Judge Tena Campbell |

On August 31, 2021, the Court denied Defendants' Motion to Dismiss and ordered them to file a *Martinez* report and dispositive motion. (ECF Nos. 35, 45.) Twenty days later, Defendants filed Motion to Alter or Amend Judgment, under Federal Rule of Civil Procedure 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). (ECF No. 48.)

### I. MOTION TO ALTER OR AMEND JUDGMENT

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242

(10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Defendants argue the Court must correct its clear error of not analyzing Defendants' qualified-immunity defense. (ECF No. 48, at 4.) In particular, Defendants contend the Court did not address the second prong of the qualified-immunity analysis, which is whether the unconstitutional conduct alleged was "clearly established." (*Id.*) Plaintiff counters that Defendants' qualified-immunity argument is moot. (ECF No. 53, at 3.)

Defendants are correct that the Court erred in not giving the clearly-established prong the required treatment. Accordingly, for the reasons set forth below, the Order denying Defendants' motion to dismiss (ECF No. 45) is vacated, Defendants' motion to alter or amend the judgment (ECF No. 48) is granted, and Defendants' Motion to Dismiss (ECF No. 40) is granted.

## II. MOTION TO DISMISS

The Court now revisits the issues raised by Defendants' motion to dismiss. On the basis of qualified immunity, Defendants seek dismissal of Plaintiff's *pro se* verified third amended civil-rights complaint, in which he requests damages. (ECF No. 35.)

### A. BACKGROUND

Plaintiff names as defendants Utah State Prison Sergeant Preece and caseworker Despain. (*Id*. at 2.) He contends Defendants violated his federal constitutional rights when (1) on March 6, 2014, he "was assaulted by a fellow inmate who had a weapon that had been supplied to him by Defendant Preece"; (2) after the assault, Defendant Preece "left [Plaintiff] assigned the top bunk of the bunk bed even though there are no ladders to use to climb up to or down from the top

bunk"; and (3) Defendant Despain "wrote [Plaintiff to] tell [him] that [he] would not be considered for a special attention release by the medical bureau." (*Id.* at 3-4.)

Asserting failure to state a claim upon which relief may be granted and qualified immunity, Defendants move for dismissal. (ECF No. 40, at 8, 12-21 (setting forth qualified-immunity standards and plaintiff's burden).) Plaintiff filed "Objection to Defendants' Motion to Dismiss for Failure to State a Claim." (ECF No. 42.)

### B. ANALYSIS

#### 1. Standard for Sufficiency of Complaint

When deciding if a complaint[1] states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in

---

[1] The Court takes note that it is the facts stated in the *complaint* that are analyzed for failure to state a claim, not facts stated in any other document. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (stating motion-to-dismiss purpose is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true").

3

support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

When the complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotations omitted). Thus, though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).

A court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). If pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an

opportunity to amend his complaint would be futile.'"[2] *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## 2. Qualified-Immunity Discussion

In his Third Amended Complaint, these are the totality of specific relevant facts alleged (viewed in a light most favorable to Plaintiff): (1) Regarding failure to protect by Defendant Preece, "I was assaulted [and harmed] by a fellow inmate who had a weapon that had been supplied to him by defendant Preece." (ECF No. 35, at 3.) (2) Regarding another allegation of cruel-and-unusual punishment against Defendant Preece, "Preece left me assigned to the TOP bunk," with "no ladders," which is "dangerous and unreasonable for someone who is totally blind." (*Id.*) And, (3) regarding an allegation of cruel-and-unusual punishment by Defendant Despain, "Despain wrote [Plaintiff] . . . and told [him] that [he] would not be considered for a special attention release by the medical bureau." (*Id.* at 3-4.)

In their motion to dismiss, Defendants assert the defense of qualified immunity. Qualified immunity means that an official must have fair notice of the law before being subject to suit for damages for violating it. *Hope v. Pelzer*, 536 U.S. 730, 739-40 (2002). Two important interests are balanced by qualified immunity--"the need to hold public officials accountable when they

---

[2] When Plaintiff's original complaint, (ECF No. 1), was dismissed for failure to state a claim upon which relief may be granted, Plaintiff was given a chance to amend, in an order giving specific information on the need to affirmatively link defendants to civil-rights violation, (ECF No. 19). Plaintiff then filed an amended complaint, (ECF No. 20), which was also dismissed for failure to state a claim and gave a chance to amend again, in an order with specific information on the need to affirmatively link defendants, along with how to state claims for failure to protect and provide adequate medical care, (ECF No. 27). Plaintiff next filed a second amended complaint, (ECF No. 28), which was likewise dismissed for failure to state a claim and gave yet another chance to amend, in an order with the same specific information on the need to affirmatively link defendants (for the third time), along with how to state claims for failure to protect and provide adequate medical care (for the second time), (ECF No. 34). In that last order, the Court stated, "This is the third and FINAL order allowing Plaintiff to cure deficiencies." (ECF No. 34, at 11.) Plaintiff finally filed the third amended complaint, (ECF No. 35), which is at issue here. Having given Plaintiff so many chances to file an adequate complaint, with plenty of guidance on how to do so and a warning that this was his last chance, the Court concludes any further opportunity to amend would be futile.

exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Questions of qualified immunity should be resolved at the soonest feasible stage of litigation. *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (stating "driving force behind" qualified-immunity principles is "that 'insubstantial claims' against government officials be resolved prior to discovery . . . if possible") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)); *see also Pearson*, 555 U.S. at 231 ("Because qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted))). Plaintiffs confronting qualified-immunity challenges do not face a heightened pleading requirement. *Currier v. Doran*, 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the qualified-immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. Hence, to overcome a Rule 12(b)(6) motion to dismiss, involving a qualified-immunity defense, plaintiffs "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008). To be clear, when the qualified-immunity defense is raised, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks

6

omitted). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

Here, the Court exercises its discretion to address Plaintiff's failure to carry his burden of showing that his rights were "clearly established at the time of the defendant's conduct."[3] *Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020).

> "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent." *Dist. of*

---

[3] Even so--as an aside--Plaintiff has also failed to meet the first prong as to each claim. This was even after Plaintiff was given specific guidance on how to adequately state claims in three Court's orders requiring him to amend deficient complaints. (ECF Nos. 19, 27, 34.)

(1) Regarding Plaintiff's failure-to-protect claim against Defendant Preece, Plaintiff's allegation in its entirety is as follows: "I was assaulted [and harmed] by a fellow inmate who had a weapon that had been supplied to him by defendant Preece." (ECF No. 35, at 3.) These allegations arguably do not meet the objective component of a failure-to-protect cause of action, in that there is no alleged factual content as to what "a weapon" is--i.e., was the item in question something that could "reasonably" be considered to "pose[] a substantial risk of serious harm"? *Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018) (unpublished). And the allegations do not meet the subjective component, in that there is no alleged factual content as to Defendant Preece's state of mind--i.e., how would Defendant Preece have been aware of the "substantial risk of serious harm" in handing the item to the other inmate and should he have "drawn the inference" of the substantial risk of serious harm? *Id.*

(2) Regarding another allegation of cruel-and-unusual punishment against Defendant Preece, Plaintiff's allegation in its entirety is as follows: "Preece left me assigned to the TOP bunk," with "no ladders," which is "dangerous and unreasonable for someone who is totally blind." (ECF No. 35, at 3.) Here, Plaintiff's claim is doomed by his failure to allege an injury. *See* 42 U.S.C.S. § 1997e(e) (2021) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.")

Finally, (3) regarding an allegation of cruel-and-unusual punishment by Defendant Despain, Plaintiff's allegation in its entirety is as follows: "Despain wrote [Plaintiff] . . . and told [him] that [he] would not be considered for a special attention release by the medical bureau." (*Id.* at 3-4.) However, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Moreover, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he may not in this federal suit challenge the decision to deny him a chance at parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

> *Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). "The dispositive question is 'whether the violative nature of the *particular* conduct is clearly established.'" *Mullenix*, 577 U.S. at 12 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Accordingly, the Supreme Court has repeatedly admonished circuit courts "not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). Though "a case directly on point" is not required, "existing precedent must have placed the constitutional question regarding the illegality of the defendant's conduct beyond debate." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir.), *cert. denied sub nom. Cummings v. Bussey*, 140 S. Ct. 81 (2019).
>
> "Ordinarily . . . there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other [circuits] must have found the law to be as the plaintiff maintains." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (internal quotation marks omitted).

*Ullery*, 949 F.3d at 1291, 1300 (other citations omitted); *see also Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996) (stating burden "quite heavy" because "plaintiff must do more than simply allege the violation of a general legal precept [and] . . . must 'instead demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited'") (first ellipses in original) (quoting *Jantz v. Muci*, 976 F.2d 623, 627 (10th Cir. 1992) (quoting *Harlow*, 457 U.S. at 818)).

In Plaintiff's response to the motion to dismiss, he ignored Defendants' qualified-immunity defense, citing no cases to try to carry his burden of showing clearly established federal law existed that should have alerted defendants that their alleged specific behavior violated Plaintiff's constitutional rights. (ECF No. 42.) In his response to Defendants' request for reconsideration of the Order denying their Motion to Dismiss, Plaintiff vaguely attempts to carry his burden. (ECF Nos. 45, 48, 53.) There he inexplicably calls Defendants qualified-

immunity defense moot, saying simply, "See the following cases please." (ECF No. 53, at 3 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding in Fourth Amendment case that district judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand"); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding, in case of alleged failure to protect transsexual inmate from placement in general population in which assault occurred, that prison officials may not "be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the officials knew of and disregards an excessive risk to inmate health or safety"); *Wilson v. Seiter*, 501 U.S. 294, 296, 303 (1991) (holding when inmate alleged cruel and unusual punishment--regarding conditions of confinement like overcrowding, noise, temperature, ventilation, and cleanliness--that lower courts were required to inquire into prison officials' state of mind, applying "deliberate indifference standard"); *Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976) (holding in case with allegations of inadequate medical care that Eighth Amendment "proscribes more than physically barbarous punishments," also establishing "government's obligation to provide medical care for those whom it is punishing by incarceration"); *Pierson v. Ray*, 386 U.S. 547, 549, 553, 557 (1967) (holding in § 1983 case, asserting false arrest and imprisonment, that judge over criminal case was immune from liability because acts committed within judicial discretion and arresting police officers had access to "defense of good faith and probable cause").)

  Having comprehensively reviewed each of these cases in the context of Plaintiff's allegations and claims here, the Court concludes that Plaintiff apparently cited these cases for the broad principles they set forth, not for their factual and legal similarity to his case in a way that

9

would have warned Defendants that their behavior was unconstitutional. He has failed to carry his burden of showing clearly established law placed Defendants on adequate notice of constitutional boundaries specific to his claims.

Having thoroughly evaluated Plaintiff's filings after the motion to dismiss, (ECF No. 42, 50, 53, 54), the Court concludes that Plaintiff has not met his burden to show his "right was clearly established at the time of the defendant's conduct." *Ullery*, 949 F.3d at 1289. "[I]f the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the defense." *A.M. v. Holmes*, 830 F.3d 1123, 1134-35 (10th Cir. 2016). Accordingly, Plaintiff's cruel-and-unusual-punishment claims are dismissed.

Although the Court finds Plaintiff has not met his burden, the Court also agrees with the Defendants' more substantive analysis. The Court refers in particular to the arguments Defendants set forth in their Motion to Alter or Amend Judgment (ECF No. 48), in which they discuss why the law does not clearly establish that a correctional officer violates the Eighth Amendment by (1) "providing inmates on a gang unit with items commonly found in prisons;" (2) "maintaining a top bunk assignment where the inmate does not request a bottom bunk and is not harmed by the top bunk assignment;" or (3) "denying an inmate's compassionate release request." (ECF No. 48 at 6, 8, 9.) For those independent reasons, the Court dismisses Plaintiff's claims.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

**(1)** Defendants' Motion to Alter or Amend Judgment is **GRANTED**. (ECF No. 48.)

**(2)** Defendants' Motion to Stay is **DENIED** as moot. (ECF No. 49.)

**(3)** The Court's Memorandum Decision and Order Denying Defendants' Motion to Dismiss is **VACATED**. (ECF No. 45.)

**(4)** Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 40.)

**(5)** Plaintiff's claims in his Third Amended Complaint (ECF No. 35) are **DISMISSED** on the basis of qualified immunity.

**(6)** With no controversy remaining in this Court, this action is **CLOSED.**

DATED this 30th day of March, 2022.

BY THE COURT:

*Tena Campbell*
JUDGE TENA CAMPBELL
United States District Court